OPINION
Appellant, Jon P. Krug, appeals the judgment and sentence entered against him by the Lake County Court of Common Pleas.
On February 18, 2000, appellant was indicted by the Lake County Grand Jury on two counts of receiving stolen property, in violation of R.C.2913.51(A), and two counts of complicity in theft, in violation of R.C.2923.03.(A)(1), all felonies of the fifth degree. Appellant pleaded not guilty.
A jury trial commenced on April 27, 2000. At trial, Karen L. Livermore, accounting manager at Fairport Yachts, Ltd. ("Fairport Yachts"), testified that in April or May 1999, she discovered ten payroll checks had been stolen. Ms. Livermore attested that, approximately two months later, she discovered two of the company's payroll tax account checks were missing. Fairport Yachts employed appellant from December 17, 1998 through April 22, 1999.
Upon discovering the initial theft, Ms. Livermore notified the Lake County Sheriff's Department. Detective Kevin Coleman ("Det. Coleman") received a telephone call from Tyona D'Avirro, implicating appellant. The investigation was later assigned to Detective Anthony Iliano ("Det. Iliano").
During the course of his investigation, Det. Iliano discovered that six of the ten payroll checks had been cashed. Elizabeth Nichols ("Nichols") cashed three of these checks in the Canton, Ohio area. After Nichols was charged, arraigned, and posted bond, she fled the jurisdiction. She has not been interviewed.
Rick Salmonson ("Salmonson") cashed two of the checks at the Painesville Money Mart. Det. Iliano testified that Salmonson implicated both Mike Adams ("Adams") and appellant.
Adams testified to the following events: appellant asked him to deliver a sealed envelope, containing four checks, to Salmonson; when the checks were cashed, Salmonson gave the envelope, containing approximately $3,000 to Adams; and, Adams returned the envelope, containing the currency, to appellant.
The sixth payroll check was made payable to Rose Simmons ("Simmons"), who resided with Salmonson. Det. Iliano testified that both Simmons and Salmonson stated that they had received the checks from Adams.
Regarding the stolen payroll tax checks, Bruce Sweitzer ("Sweitzer") cashed one at Linda's Food Mart. Det. Iliano testified that Sweitzer told him that appellant gave him the checks. Sweitzer attested that he cashed a "Fairport Yacht Club" check upon appellant's request, in exchange for $500.
D'Avirro, appellant's former girlfriend, testified that appellant told her that he had stolen several of Fairport Yachts checks and that his fingerprints would not be found on the checks because he was going to rub the checks on the carpet to remove the fingerprints.
At the conclusion of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court denied appellant's motion. Appellant presented no evidence.
After deliberation, the jury found appellant guilty on all counts. Appellant was sentenced to eleven months imprisonment on each count, with Count One and Four to run consecutive to each other, but concurrent to the remaining counts. From this judgment and sentence, appellant raises the following assignments of error:
 "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29.
 [2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
In his first assignment of error, appellant argues that the prosecution failed to prove beyond a reasonable doubt that he committed the offenses for which he was charged. Appellant contends that the only evidence linking him to the crimes was the testimony of his co-defendants, Adams and Sweitzer, and his ex-girlfriend, D'Avirro. Appellee, the state of Ohio, argues that sufficient evidence exists to support the jury's finding of guilty on all counts.
An appellate court reviewing a trial court's ruling on a Crim.R. 29 motion must view the evidence in a light most favorable to the state.State v. Wolfe (1988), 52 Ohio App.3d 215, 216. When reviewing a trial court's denial of a Crim R. 29 motion for acquittal, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence. State v. Thompson (1998), 127 Ohio App.3d 511,525. "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus.
In the instant case the state had the burden of proving each of the elements set forth in R.C. 2913.51(A) and 2923.03(A).
R.C. 2913.51(A) provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
R.C. 2929.23(A)(1), which governs the crime of complicity, provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [s]olicit or procure another to commit the offense.
Through the testimony of Det. Iliano, Sweitzer, Adams, and D'Avirro, the state presented sufficient evidence to submit the matter to the jury on all counts. The credibility of the witnesses and the weight to be given the evidence are primarily for the trier of the facts. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, the credibility of Sweitzer, Adams, and D'Avirro was a matter for the jury. "Where sufficient credible evidence exists for the trier of fact to conclude that a defendant is guilty, even if such evidence is based solely on the testimony of a co-defendant, the guilty verdict must be affirmed." State v. Chaney, (Aug. 18, 1994), Cuyahoga App. No. 66115, unreported, 1994 Ohio App. LEXIS 3615, at *7, citing State v. Zahn (Oct. 17, 1991), Cuyahoga App. No. 59121, unreported, 1991 Ohio App. LEXIS 4977. Accordingly, the state presented sufficient evidence to support all the elements of charge.
Appellant argues that because his fingerprints were not found on the checks, the state did not prove that he was involved in the theft. We conclude that reasonable minds could come to differing conclusions as to why appellant's fingerprints were not discovered on the cashed checks.
Appellant's first assignment of error lacks merit.
In appellant's second assignment of error, he argues that the jury's verdict is against the manifest weight of the evidence. In support of this argument, appellant argues that several of the factors set forth inState v. Mattison (1985), 23 Ohio App.3d 10, were not met. The state argues that this court has rejected the Mattison factors and that the verdict is supported by competent credible evidence. State v. Harris
(Apr. 10, 1998), Trumbull App. No. 96-T-5512, unreported, 1998 Ohio App. LEXIS, at *1540, 7-8.
When determining whether a verdict was against the manifest weight of the evidence, the reviewing court reviews the entire record, weighs theevidence and all reasonable inferences, considers the credibility of witnesses and "determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
This court has previously held that "the eight factors listed inMattison are merely guidelines to be considered when weighing the evidence and they do not create a new standard to be applied to manifest weight claims." Harris at *8; see also State v. Alexander (Nov. 29, 1996), Trumbull App. No. 93-T-4948, unreported, 1996 Ohio App. LEXIS 5418.
Returning to the issue before us, we again note that "[t]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." DeHass, supra, paragraph one of the syllabus. Testimony was presented that appellant, who had access to the Fairport Yacht Club as an employee, made a copy of the keys to the building, used the keys to gain access to the building, entered the office, and stole the checks.
The state's witnesses included: Karen Livermore, the accounting manager at Fairport Yacht Club, who testified that as an employee, appellant had access to the stolen checks and that there were no signs of a break-in; D'Avirro, who testified that appellant confessed that he had stolen several Fairport Yachts checks using copies of the keys to the building; Det. Iliano, who testified that Salmonson implicated appellant in the theft; Adams, who attested that, at appellant's request, he delivered an envelope containing four checks to Salmonson and received an envelope containing approximately $3,000, which he delivered to appellant; and, Sweitzer, who testified he cashed one of the payroll checks, for appellant, in exchange for $500. Appellant presented no evidence.
The testimony presented by the state contains some uncertainty and inconsistency; however, a determination that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed is not warranted. The jury, as trier of fact, chose to believe the testimony presented and the verdict was supported by competent, credible evidence. Thus, based upon the evidence presented at trial, appellant's convictions were not against the manifest weight of the evidence. Appellant's second assignment of error is without merit.
Based on the foregoing, the judgment of Lake County Court of Common Pleas is hereby affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.